UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT TURCHIN,<br><br>        Defendant. | No. 2:15-cr-161-GEB<br><br>**RESPONSES TO IN LIMINE MOTIONS** |

      The United States of America ("Government") and defendant Robert Turchin ("Turchin") each filed two in limine motions in advance of the jury trial scheduled to commence on June 19, 2018. Further, on May 31, 2018, the United States filed a request for leave to file reply briefs. That request is denied.

      The Government seeks in its first in limine motion a preliminary determination of the admissibility of telephone and bank documents under Federal Rules of Evidence ("FRE") 803(6) and 902(11), arguing "these records . . . have been produced or made available through discovery, [and] are admissible without the need to call a custodian of records." Gov't's Mot. in Limine at 1:6-7, ECF No. 125. No actual records or certifications of authenticity have been presented, so it cannot be stated with certainty whether the referenced documents are admissible. The Government also argues:

> Here, the United States will seek to introduce business records obtained from subpoenas, including, but not limited to, telephone providers and financial institutions. These records have been properly certified by custodians asserting that the records were made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters, were kept in the course of regularly conducted activity and were made by the regularly conducted activity as a regular practice, in compliance with FRE 902(11) and 803(6) . . . . By this motion, the United States does not seek to preclude the defendant from challenging the admissibility of the business records on other grounds, such as relevance or under FRE 403. **Rather, the United States simply requests a ruling at the outset of the trial that the telephone provider and bank records the United States intends to introduce at trial are self-authenticating under [FRE] 902(11) and admissible under the exception to hearsay under FRE 803(6), such that the United States will not need to call custodians of record as witnesses to admit these records.** This will permit the United States to excuse any such custodian witnesses to be called solely for purposes of establishing foundation, and so lead to the more efficient presentation of evidence at trial.

Id. at 3:23–28, 4:5–12 (emphasis added).

Turchin opposes the Government's first in limine motion, arguing that the Government must make the record and certification available for inspection so that Turchin is provided a fair opportunity to challenge them; and therefore "requests the Court deny United States' Motion in Limine No. 1 regarding authentication of business records." Def.'s Opp'n at 3:20–21, ECF No. 134.

However, the Government asserts its motion that it "simply requests a ruling at the outset of the trial that the telephone provider and bank records the [Government] intends to

2

introduce at trial are self-authenticating under [FRE] 902(11) and admissible under the exception to hearsay under FRE 803(6), such that the United States will not need to call custodians of record as witnesses to admit these records." Gov't's Mot. in Limine at 4:7-10, ECF No. 125. If the other foundations for admissibility are satisfied, the referenced certified documents are self-authenticating under [FRE] 902(11) and admissible under the hearsay exception prescribed in FRE 803(6), and the Government would not have to call the custodian of records as witnesses to admit the documents.

The Government seeks in its second in limine motion:

> an order . . . preclud[ing] any reference to the penalties that defendant Robert Turchin faces if convicted at trial or any reference to the status of any co-defendants or defendants in any related cases, except to the extent as may be permissible on cross-examination of any cooperating witnesses. In that event, the Court should order that Tuchin [sic] is not permitted to move into evidence or examine any cooperating defendant with respect to the plea agreement, other than the portions that discuss cooperation and benefits, or the maximum penalties and Sentencing Guidelines applicable to any cooperating defendant.

Gov't's Mot. in Limine at 1:21-27, ECF No. 126.

Turchin counters that the authority the Government cites in support of its second motion "does not preclude the Defendant from posing general questions in voir dire generally as to whether the prospective juror has knowledge of the penalties associated with the charges in the indictment and whether such knowledge would prevent the juror from rendering a fair and impartial verdict in this case." Def.'s Opp'n at 2:27-3:2, ECF No. 135.

3

Turchin is mistaken and should know that in this case he is not authorized to ask prospective jurors questions regarding whether they have "knowledge of the penalties associated with the charges in the indictment and whether such knowledge would prevent the juror from rendering a fair and impartial verdict in this case." Turchin's argument that such questions are appropriate disregards the principle stated in United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991): "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict. Therefore, this portion of the motion is granted. However, the remaining portions of motion have not been crystalized sufficiently for an in limine ruling.

Turchin seeks in his first in limine motion "an order . . . preclud[ing] expert witness testimony pursuant to Fed. R. Crim. Pro. 16(d)(2)(C) or alternatively . . . other appropriate relief pursuant to Fed. R. Crim Pro. 16(d)(2)(D)." Def.'s Mot. in Limine at 1:20-22, ECF No. 127. Turchin seeks in his second in limine motion "an order . . . exclud[ing] undisclosed witnesses and evidence . . . in order to avoid undue prejudice and surprise at trial." Def.'s Mot. in Limine at 1:20-21, 7:21-22, ECF No. 128. However, Turchin has not demonstrated entitlement to either ruling and the motions are therefore denied.

For the stated reasons, the June 15, 2018 hearing on the in limine motions is vacated.

Dated: June 1, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge