UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-161-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS THAT MAY BE GIVEN IN THE COURSE OF TRIAL, PROPOSED CLOSING JURY INSTRUCTIONS, AND A PROPOSED VERDICT FORM** |
| ROBERT TURCHIN, | |
| Defendant. | |

Attached are the court's voir dire questions, initial jury instructions, instructions that may be given in the course of trial if a party makes the request, proposed closing jury instructions, and a proposed verdict form.

The bracketed optional language shall be clarified — and any proposed changes to these documents shall be raised — by a party or the parties as soon as feasible.

Trial commences at 9:00 a.m. on June 19, 2018.

Dated:  June 15, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

2

3

4

5

6                              **<u>VOIR DIRE</u>**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

ROBERT TURCHIN,

              Defendant.

No. 2:15-cr-161-GEB

**VOIR DIRE**

       Thank you for your presence and anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our constitutional democracy.

       The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau please administer the oath to the prospective jurors.

       We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what are known as peremptory challenges.

       1. Counsel, the Jury Administrator has already randomly selected potential jurors and their names are on the sheet

you have been given in the order of the random selection. Each potential juror has been given a large laminated card or number showing the numerical order in which the potential juror was randomly selected.

2. I will ask potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card or number. If no potential juror has a response, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

3. If a potential juror believes a question unduly pries into a private matter, that potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but also am obligated to avoid secreting an aspect of the proceeding absent a showing that secrecy is justified.

4. The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately eleven court days, after which it is anticipated that jury will commence deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a problem for any prospective jury?

5. I will now have counsel to make any desired introduction so that it can be determined whether any potential

1  juror knows or has had contact with a person named, and the United

2  States shall name anticipated witnesses it may call.

3          a.   Do you know, and/or, have you had contact with

4               a person just named?

5          6.   This is a criminal case brought by the United States

6  against the defendant, Robert Turchin.  The indictment charges the

7  defendant with one count of conspiracy to commit bribery and to

8  commit identity fraud, and three counts of identity fraud.   The

9  indictment alleges that beginning in or about July 2012, and

10 continuing through in or about April 2015, in the County of San

11 Joaquin, State and Eastern District of California, and elsewhere,

12 defendant Robert Turchin and Mangal Gill, did knowingly and

13 intentionally conspire with each other, with Emma Klem, and with

14 others known and unknown, to commit bribery and identity fraud.

15 Mangal Gill allegedly paid money to defendant Robert Turchin, Emma

16 Klem, and others in return for Ms. Klem, Mr. Turchin, and others

17 accessing the Department of Motor Vehicles' computer database and

18 altering individuals' electronic DMV records to fraudulently and

19 incorrectly indicate that individuals had passed examinations that,

20 in truth and in fact, the individuals had not taken or passed.   The

21 entries into the Department of Motor Vehicles' database caused the

22 Department of Motor Vehicles to issue Class A and Class B California

23 Drivers licenses to individuals who were not qualified to receive such

24 licenses.

25     The indictment simply describes the charge the United States

26 brings against the defendant.  The indictment is not evidence and

27 does not prove anything.  Mr. Turchin has pled not guilty to the

28 charges and is presumed innocent unless the government proves he

3

is guilty beyond a reasonable doubt.

7. Do the allegations cause any potential juror to prefer not being a juror on this case?

8. Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

9. Please raise your number if you have heard or read anything about this case before I told you about the allegations.

10. Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

11. Have you, any member of your family, or any close friend been investigated and/or arrested for a crime, or been the defendant in a criminal case?

12. Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

13. Would you tend to believe the testimony of a witness just because of that witness's present or former status as a law enforcement officer and/or a criminal investigator?

14. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former status as a law enforcement officer and/or a criminal investigator?

15. Have you ever served as a juror in the past, in any capacity?

    a. State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

16. Some of the people involved in this case may be of a different race, ethnic background, or national origin than your own. Would that difference have any bearing on your ability to be

1  a fair and impartial juror?

2          17.  You are required to apply the law I will give you

3  even if you believe a different law should apply.  If you cannot

4  agree to do what I just said, please raise your number.

5          18.  Do you have any difficulty with the rule of law that

6  a person charged with a crime is presumed innocent and need not

7  present any evidence, and that the government has the burden of

8  proving guilt beyond a reasonable doubt?

9          19.  Do you have any problem with the rule of law that a

10  defendant need not testify on his own behalf and that if a defendant

11  chooses not to testify, that factor may not be considered by you

12  in your deliberations?

13          20.  Is there anything we have not discussed that you

14  believe could have a bearing on your ability to be a fair and

15  impartial juror in this case, or that you suspect a trial

16  participant would desire to know?

17          21.  The Courtroom Deputy Clerk will give the juror in

18  seat number one a sheet on which there is information we seek.

19  Please pass the sheet to a potential juror near you after you

20  respond.

21          Please state:

22              a.  your juror seat number;

23              b.  your name and educational background;

24              c.  the educational background of any person

25                  residing with you;

26              d.  your present and former occupations; and

27              e.  the present and former occupations of any

28                  person residing with you.

5

1
2
3
4
5      **<u>INITIAL JURY INSTRUCTIONS</u>**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case, and I will give you some initial instructions. You must follow all of them and not single out some and ignore others; they are all important. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law I give you. You must follow the law I give you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with one count of conspiracy to commit bribery concerning programs receiving federal funds and to commit identity fraud; and three counts of unlawfully inducing and causing the production and mailing of fraudulent California driver licenses for individuals.

The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves him guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

3

INSTRUCTION NO. 4

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

- statements and arguments of the attorneys;
- questions and objections of the attorneys;
- testimony that I instruct you to disregard; and
- anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

4

INSTRUCTION NO. 5

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

A language other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreter. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differ from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use an interpreter to assist that witness or party.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

If you need to communicate with me simply give a signed note to the Courtroom Deputy Clerk, and if she is not present give it to the court reporter;

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

Finally, until this case is given to you for your jury deliberation, you are not to discuss the case with your fellow jurors.

INSTRUCTION NO. 11

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INSTRUCTION NO. 12

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes shall be left on the seat you now occupy.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 13

The next phase of trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and the defendant may cross examine. Then, if the defendant chooses to offer evidence, the government may cross examine.

After the evidence has been presented, the lawyers will make closing arguments and I will give you further instructions.

After that, you will go to the jury room to deliberate on your verdict.

1

2

3

4

5     **JURY INSTRUCTIONS THAT MAY BE GIVEN DURING TRIAL, IF A PARTY**

6     **MAKES THE REQUEST**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1

No evidence has been presented on the following facts; nevertheless, the facts are of such common knowledge that you may accept any, or all of them, as true, but that is a decision for you to make.

- March 28, 2015 was a Saturday;
- Pacific Daylight Time commenced on Sunday, March 8, 2015 at 2:00 a.m.; and
- Coordinated Universal Time is eight hours ahead of Pacific Standard Time and seven hours ahead of Pacific Daylight Time.

INSTRUCTION NO. 2

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] that California Department of Motor Vehicles' documents dated 2010 were found in the defendant's personal vehicle. This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether the defendant had the knowledge to commit the crimes charged in the indictment, the identity of the defendant as the person who committed the crimes charged in the indictment, or that the defendant did not commit the acts for which the defendant is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime or crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act or acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial only for Conspiracy to Commit Bribery and to Commit Identity Fraud, and

2

Identity Fraud, not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

INSTRUCTION NO. 3

You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**PROPOSED CLOSING JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, or national ancestry.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]

[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

4

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence;
- any facts to which the parties have agreed; and
- any facts of such common knowledge that you may accept them as true, but you are not required to do so.

INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose

| | |
|---|---|
| 1 | not to believe anything that witness said.  On the other hand, if |
| 2 | you think the witness testified untruthfully about some things but |
| 3 | told the truth about others, you may accept the part you think is |
| 4 | true and ignore the rest. |
| 5 | The weight of the evidence as to a fact does not |
| 6 | necessarily depend on the number of witnesses who testify.  What |
| 7 | is important is how believable the witnesses were, and how much |
| 8 | weight you think their testimony deserves. |

INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges filed against him in the indictment. The defendant is not on trial for any conduct or offense not charged against him in the indictment.

INSTRUCTION NO. 10

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

INSTRUCTION NO. 11

You have heard testimony of a witness who testified in the Punjabi language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Punjabi language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that interpreter was used.

INSTRUCTION NO. 12

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 13

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.

14

INSTRUCTION NO. 14

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's knowledge, identity, absence of mistake, and/or absence of accident.

INSTRUCTION NO. 15

You have heard testimony from [name of witness], who pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by this factor. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

Further, you may consider the referenced felony conviction of the named witness when you decide whether or not to believe the witness and how much weight to give to the testimony of the witness.

16

1                           INSTRUCTION NO. 16

2              You have heard testimony from [name of witness], a

3     witness who received immunity.    That testimony was given in

4     exchange for a promise by the United States that the testimony will

5     not be used in any case against the witness.

6              For [this] reason, in evaluating the testimony of [name

7     of witness], you should consider the extent to which of whether

8     [his] [her] testimony may have been influenced by [this] factor.

9     In addition, you should examine the testimony of [name of witness]

10    with greater caution than that of other witnesses.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    17

INSTRUCTION NO. 17

You have heard testimony from an informant who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants to investigate criminal activities. Informants may use false names and appearance and assume the roles of members of criminal organizations.

INSTRUCTION NO. 18

You have heard testimony from [name] who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 19

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 20

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

INSTRUCTION NO. 21

2          The defendant is charged in Count Two of the Indictment

3   with conspiracy to commit bribery and to commit identity fraud, in

4   violation of Title 18, United States Code section 371.

5          In order for the defendant to be found guilty of the

6   offense charged in Count Two of the indictment, the United States

7   must prove each of the following elements beyond a reasonable

8   doubt:

9          First, beginning in or about July 2012, and continuing

10  through in or about April 2015, there was an agreement between two

11  or more persons to commit at least one crime as charged in the

12  indictment, that is Bribery Concerning Federal Funds, in violation

13  of Title 18, United States Code sections 666(a)(1)(B), 666(a)(2),

14  and Identity Fraud, in violation of Title 18, United States Code

15  section 1028(a)(1);

16         Second, the defendant became a member of the conspiracy

17  knowing of at least one of its objects and intending to help

18  accomplish it; and

19         Third, one of the members of the conspiracy performed at

20  least one overt act for the purpose of carrying out the conspiracy.

21         A conspiracy is a kind of criminal partnership—an

22  agreement of two or more persons to commit one or more crimes. The

23  crime of conspiracy is the agreement to do something unlawful; it

24  does not matter whether the crime agreed upon was committed.

25         For a conspiracy to have existed, it is not necessary

26  that the conspirators made a formal agreement or that they agreed

27  on every detail of the conspiracy. It is not enough, however, that

28  they simply met, discussed matters of common interest, acted in

similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The United States is not required to prove that the defendant personally did one of the overt acts.

INSTRUCTION NO. 22

Because one of the objects of the conspiracy charged in Count Two is bribery concerning programs receiving federal funds, in violation of Title 18, United States Code Sections 666(a)(1)(B) and § 666(a)(2), I will instruct you on the elements of that offense. However, the United States is not required to prove any of the elements of bribery concerning programs receiving federal funds unless I also have included that element in the conspiracy instruction I have already provided to you. Nor is the United States required to prove that bribery concerning programs receiving federal funds actually occurred.

With respect to Title 18, United States Code Section 666(a)(1)(B), the elements are as follows:

First, beginning in or about July 2012, and continuing through in or about April 2015, the defendant was an agent of the California DMV;

Second, beginning in or about July 2012, and continuing through in or about April 2015, the DMV annually received federal benefits in excess of $10,000;

Third, the defendant accepted and agreed to accept something of value from one or more persons;

Fourth, the defendant acted corruptly with the intent to be influenced or rewarded in connection with the business and series of transactions of the DMV; and

Fifth, the value of the business and series of transactions to which the payment was related—to wit, California driver licenses—was at least $5,000.

With respect to Title 18, United States Code Section

666(a)(2), the elements are as follows:

First, beginning in or about July 2012, and continuing through in or about April 2015, the defendant was an agent of the California DMV;

Second, beginning in or about July 2012, and continuing through in or about April 2015, the DMV received federal benefits in excess of $10,000;

Third, one or more persons gave or offered something of value to the defendant;

Fourth, the person or persons who gave or offered something of value to the defendant acted corruptly with the intent to influence or reward the defendant in connection with the business and series of transactions of the DMV; and

Fifth, the value of the business and series of transactions to which the payment was related—to wit, California driver licenses—was at least $5,000, so long as it has value.

A "thing of value" may be tangible property, intangible property, or services.

25

INSTRUCTION NO. 23

The defendant is charged in Counts Eight through Ten of the indictment with identity fraud, in violation of Title 18, United States Code section 1028(a)(1). In order for the defendant to be found guilty of the offenses charged in each of Counts Eight through Ten of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly produced an identification document;

Second, the defendant produced the identification document without lawful authority; and;

Third, the identification document:

(a) was or appeared to be issued by or under authority of the State of California, or a political subdivision of the State,

(b) was in or affected commerce between one state and other states; or

(c) in the course of the production, the identification document was transported in the mail.

"Identification document" means a document made or issued by or under the authority of a State or political subdivision of the State, that, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals.

"Interstate commerce" includes commerce between one State or the District of Columbia and another State, Territory, Possession, or the District of Columbia. "Foreign commerce" includes commerce with a foreign county.

INSTRUCTION NO. 24

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 25

A defendant may be found guilty of identity fraud in Counts Eight through Ten of the indictment, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of identity fraud by aiding and abetting, the United States must prove each of the following beyond a reasonable doubt:

First, someone else committed identity fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of identity fraud; and

Third, the defendant acted with the intent to facilitate identity fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit identity fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw

28

from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 26

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of identity fraud as charged in Count Eight of the indictment if the United States has proved each of the following elements beyond a reasonable doubt:

First, a person named in Count Eight of the indictment committed the crime of identity fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count Two of the indictment;

Third, the person committed the crime of identity fraud in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count Eight was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION NO. 27

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion

```
 1    if you become persuaded that it is wrong.
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

INSTRUCTION NO. 28

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 29

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 30

     A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

35

INSTRUCTION NO. 31

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5                    **PROPOSED VERDICT FORM**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

ROBERT TURCHIN,

           Defendant.

No. 2:15-cr-161-GEB

**VERDICT FORM**

        WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, ROBERT TURCHIN, AS FOLLOWS:

AS TO COUNT 2 OF THE INDICTMENT:

<u>GUILTY</u>    <u>NOT GUILTY</u>

                    Conspiracy to commit bribery and to commit identity fraud, in violation of Title 18, United States Code section 371

_____ _____

    If you found the defendant guilty of Count Two, do you find that the defendant conspired to commit bribery?

    Yes _____         No _____

    If you found the defendant guilty of Count Two, do you find that the defendant conspired to commit identity fraud?

    Yes _____         No _____

AS TO COUNT 8 OF THE INDICTMENT:

GUILTY    NOT GUILTY

Identity Fraud, in violation of Title 18, United States Code section 1028(a)(1) in relation to Bxxxx542

_____  _____


AS TO COUNT 9 OF THE INDICTMENT:

GUILTY    NOT GUILTY

Identity Fraud, in violation of Title 18, United States Code section 1028(a)(1) in relation to Fxxxx108

_____  _____


AS TO COUNT 10 OF THE INDICTMENT:

GUILTY    NOT GUILTY

Identity Fraud, in violation of Title 18, United States Code section 1028(a)(1) in relation to Fxxxx493

_____  _____


_____       _____
DATED                                FOREPERSON

2